**E-FILED**
Friday, 25 October, 2013  04:42:27 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JOHN SAIGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 13-CV-3298 |
| | ) | |
| SANDRA FUNK and | ) | |
| DR. THOMAS BAKER, | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, incarcerated and proceeding pro se, seeks leave to proceed in forma pauperis on claims arising from an assault by another inmate in Western Illinois Correctional Center.

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.  In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor.  Turley v. Rednour, --- F.3d ---, 2013 WL 3336713 * 2 (7th Cir. 2103).  However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is

plausible on its face.'" <u>Alexander v. U.S.</u>, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff alleges that from October 2010 to August 2012 he was incarcerated in Western Illinois Correctional Center, a prison which allegedly holds violent offenders, as compared to Plaintiff, who was nonviolent and incarcerated for a nonviolent crime.  In November 2011, an inmate attacked Plaintiff, causing serious, painful, and disfiguring facial injuries.  Dr. Baker allegedly did not adequately diagnose and treat Plaintiff's injuries, despite Plaintiff's repeated pleas.  As a result, Plaintiff suffered prolonged and unnecessary pain and currently suffers permanent disfigurement.

Plaintiff states an Eighth Amendment claim against Dr. Baker for deliberate indifference to Plaintiff's serious medical needs. Plaintiff's description of his injuries and pain allows an inference that his injuries were serious.  Plaintiff's allegations that Dr. Baker refused to order the tests necessary to adequately diagnose and treat Plaintiff's injuries allow an inference the Dr. Baker was deliberately indifferent.  However, the attachments to the Complaint suggest that others on a "collegial review committee" appear to have also been involved in the decision to deny Plaintiff a CT scan to

diagnose the extent of his injuries.  If these individuals were personally involved in denying Plaintiff medical care, Plaintiff will need to discover their identities and file a motion to add them as Defendants.

The Court cannot rule out an Eighth Amendment failure to protect claim against Sandra Funk based on Funk's alleged misclassification and placement of Plaintiff in Western Illinois Correctional Center.  However, Plaintiff will need to prove that Ms. Funk was personally responsible for placing Plaintiff in Western Illinois Correctional Center.  Plaintiff will also have to prove that Ms. Funk personally knew that placing Plaintiff in Western Illinois Correctional Center put Plaintiff at a substantial risk of serious harm.  General knowledge that Western is a dangerous prison is not enough.  Brown v. Budz, 398 F.3d 904, 909, 913 (7th Cir.2005); Riccardo v. Rausch, 375 F.3d 521, 525 (7th Cir.2004).  ).  A substantial risk of serious harm is one in which the risk is "'so great'" that it is "'almost certain to materialize if nothing is done.'" Brown, 398 F.3d at 911 )(quoted cites omitted).

**IT IS THEREFORE ORDERED:**

1)     Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states the following constitutional claims based on the Eighth Amendment to the U.S. Constitution:  1) failure to protect Plaintiff from an inmate assault; and, 2) deliberate indifference to Plaintiff's serious medical needs caused by that inmate assault.  This case proceeds solely on the claims identified in this paragraph.   Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2)     Plaintiff's motion for the Court to request counsel to voluntarily represent him is denied (d/e 3).  In determining whether the Court should attempt to find an attorney to voluntarily take the case, the question is "given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007).  Plaintiff does not set forth his educational level, but his Complaint adequately sets for the relevant facts and attaches relevant documents.  Plaintiff can testify personally to his pain and disfigurement, to his attempts to obtain help, and to Defendants' responses.  Plaintiff should also be able to

obtain his medical records in discovery.  On the present record, Plaintiff appears competent to proceed pro se in light of the nature of his claim.  If Plaintiff files a renewed motion for the Court to seek counsel, Plaintiff should set forth his educational level, any classes he has taken in prison, jobs he had inside and outside prison, and litigation experience he has had in federal court or state court.

3)      This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

4)      The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from service to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

5)     With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6)     Defendants shall file an answer within 60 days of the date the waiver is sent by the clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

7)     Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document

electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8)     Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9)     Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10)    **If a Defendant fails to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

**IT IS FURTHER ORDERED:  1)  The clerk is directed to enter the standard text order assessing an initial partial filing fee;  2) attempt service on Defendants pursuant to the standard procedures; (3) Plaintiff's motion for appointed counsel is denied (d/e 3).**

ENTERED:  10/25/2013

FOR THE COURT:

**s/Sue E. Myerscough**
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE