IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JOHN SAIGER,<br><br>            Plaintiff,<br><br>     v.<br><br>THOMAS BAKER and<br>SANDRA FUNK,<br><br>            Defendants. | Law No. 13-cv-3298-CSB-DGB |

**DEFENDANT'S COMBINED MOTION FOR SUMMARY JUDGMENT AS TO THE ISSUE OF EXHAUSTION AND SUPPORTING BRIEF**

NOW COMES the Defendant, THOMAS BAKER, M.D., by his attorney, DOUGLASS R. BITNER, of HEYL, ROYSTER, VOELKER & ALLEN, and pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule CDIL-LR 7.1, hereby moves this Court for summary judgment based upon the Plaintiff's failure to exhaust his administrative remedies, stating as follows:

### I. INTRODUCTION

On August 26, 2013, the Plaintiff, John Saiger, who was formerly an inmate in the custody of the Illinois Department of Corrections, filed a complaint alleging deliberate indifference to serious medical needs in violation of his rights guaranteed by the Eighth Amendment of the United States Constitution. [D/N 1]. This Court, in its merit review order of October 25, 2013, found that the Plaintiff's Complaint sufficiently alleged a cause of action for deliberate indifference to Plaintiff's serious medical needs against Defendant Thomas Baker M.D. [D/N 6]. Thereafter, counsel entered their appearance, and the Defendant answered the Plaintiff's Complaint, denying the Plaintiff's allegations. Since filing an answer, the Defendant has now discovered that at the time of filing of the current federal civil rights lawsuit, the

Plaintiff had not exhausted his administrative remedies with regard to his allegations against Dr. Baker. More specifically, the Plaintiff, according to all records available to the Defendant, did not provide the institutional grievance officer, the chief administrative officer, or the Administrative Review Board an opportunity to review and determine whether the Plaintiff's medical needs were being appropriately addressed. As such, the Defendant, Thomas Baker, is entitled to judgment as a matter of law based upon the affirmative defense of failure to exhaust.

## II. MATERIAL FACTS CLAIMED TO BE UNDISPUTED

1. On January 15, 2012, the Plaintiff, John Saiger, filed an offender's grievance, alleging that he was receiving inadequate medical treatment for pain and fractures in his face stemming from an alleged assault that occurred on November 21, 2011. This grievance was not marked as an emergency. (Exhibit A, Grievance dated 1-15-2012, which was attached by the Plaintiff to his Complaint at Law, D/N 1).

2. The Plaintiff's institutional counselor provided a response from the health care unit to the Plaintiff's grievance dated January 15, 2012. In this response, Dr. Baker responded that an x-ray of December 5, 2011, showed no broken bones and that the Plaintiff was recommended to see a dentist for an additional x-ray. (Exhibit A).

3. The Plaintiff has offered no evidence that his January 15, 2012, grievance was ever provided to his institutional counselor, the chief administrative officer, or the Administrative Review Board. [D/N 1].

4. According to Plaintiff's IGRV, which Defendants obtained from the Administrative Review Board, the Plaintiff has only filed two grievances with the Administrative Review Board. One grievance was dated January 21, 2009, which was involving the Plaintiff's

good credit conduct time, and another medical grievance dated July 24, 2012, which was addressing the Plaintiff's copay. (Exhibit B, ARB IGRV Inmate History Report).

5.  In response to a subpoena, the Administrative Review Board provided the Defendant copies of all grievances in their records. None of the grievances contained within the ARB records, which constitutes all of the grievance records the Plaintiff has filed with the Office of Inmate Issues, contains any grievance filed by the Plaintiff against Dr. Thomas Baker. Further, none of these grievances address an alleged incident on November 21, 2011, or alleges inadequate medical care for facial injuries. (Exhibit C, ARB grievance records).

6.  Sherry Benton is employed with the Office of Inmate Issues for the Illinois Department of Corrections. The Administrative Review Board ("ARB") is a subdivision of the Office of Inmate Issues, which Sherry Benton is a chairperson. (Exhibit D, Affidavit of Sherry Benton, par. 1).

7.  Inmates incarcerated within the Department may file grievances in accordance with Department Rule 504F: Grievance Procedures for Committed Persons (20 Ill. Admin. Code 504.800, et seq.). Subject to certain exceptions, which are set forth by regulation, an inmate must first attempt to resolve his grievances through his counselor. A grievance form is available to inmates for submitting their grievances. The grievance form contains an area for the counselor to respond. After responding to the inmate, the counselor returns the grievance form, with his response, to the inmate. If the grieved issue remains unresolved after the counselor has responded, the inmate may forward this grievance with the grievance counselor's response to the facility grievance officer designated by the Chief Administrative Officer ("CAO"). The CAO is often the warden. The grievance officer may personally interview the inmate and/or other witnesses as deemed appropriate and obtain documents to determine the merits of the inmate's

grievance. Upon completion of such investigation, the grievance officer's conclusions and, if appropriate, recommended relief, is forwarded to the CAO. The CAO's, or the CAO's designee's, decision is then submitted to the grieving inmate. (Benton Affidavit, par. 2).

8. If after receiving the CAO's decision, the inmate feels the issue is still unresolved, he may appeal in writing to the Director of the Department by submitting the grievance officer's report and the CAO's decision. The ARB, as the Director's designee, reviews the appeal and first determines whether the inmate's grievance can be handled without the necessity of a hearing. If so, the inmate is so advised. Other matters are scheduled for an ARB hearing involving an interview of the grieving inmate, examining relevant documents, and at the ARB's discretion, calling witnesses. The ARB submits a written report of its findings and recommendations to the Director or the Director's designee who then reviews the report and makes a final determination on the grievance. A copy of the ARB's report and the Director's final decision is sent to the inmate who filed the grievance. The originals of these documents are maintained in the ARB's files. Department Rule 504F: Grievance Procedures for Committed Persons (20 Ill. Admin. Code §504.800, et seq.) provides no further means for review beyond this step. If the inmate has not followed procedure, and for example, has not first attempted to resolve the issue through his counselor or grievance officer, then the original grievance is returned to him along with a form describing the procedural deficiency. (Benton Affidavit, par. 3).

9. Certain issues may be grieved directly to the ARB, rather than first through a counselor or grievance officer. These issues include: a) decisions involving the involuntary administration of psychotropic medications; b) decisions regarding protective custody placement, including continued placement in, or release from, protective custody; c) decisions regarding

disciplinary proceedings which were made at a facility other than the facility where the inmate is currently assigned; and d) other issues, except personal property issues, which pertain to a facility other than the facility where the inmate is currently assigned. These grievances are then handled in accordance with the procedures described in paragraph 3 above. (Benton Affidavit, par. 4).

10.    Nonetheless, inmates may and do file grievances regarding medical and dental issues, complaints about healthcare providers, and about concerns with the healthcare vendors. These grievances may then be brought to the attention of officials of the Illinois Department of Corrections, such as the Health Care Unit Administrator at the prison or the Agency Medical Director. (Benton Affidavit, par. 7).

11.    In response to a request for grievance records from defense counsel, Sherry Benton searched the ARB records for all grievances filed by the Plaintiff, John Saiger, from June 1, 2011, through the present. The results of this search for grievances received by the ARB from the Plaintiff are attached hereto as Exhibit C. (Exhibit C).

12.    At the time of filing this cause of action, the Plaintiff had not exhausted his administrative remedies with regard to his allegations that Dr. Baker was deliberately indifferent to his medical needs. (Exhibits A, B, C).

### III. ANALYSIS

A.    **Summary Judgment Standard**

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law". *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden is upon the moving party to establish that no material facts are in

genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). In determining and evaluating a motion for summary judgment, the Court will use the evidence in the light most favorable to the opposing party and draws all justifiable inferences in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Nonetheless, only disputes over facts that might actually affect the outcome of the lawsuit under the applicable law will preclude the entry of summary judgment. *Id.* at 248.

Summary judgment is the "put up or shut up moment in a lawsuit", when a party must show what evidence it has that would convince a trier-of-fact to accept its version of events. *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)). The moving party bears the initial burden of producing evidence that identifies "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes to demonstrate the absence of a genuine issue of material fact. *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001) (quoting *Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 978 (7th Cir. 1996)). After the moving party has satisfied its burden to establish that no genuine issue of material fact exists, the burden shifts to the non-moving party to "set forth specific facts showing there is a genuine issue for trial". Fed. R. Civ. P. 56(e)(2). The non-moving party "may not rely merely on allegations or denials in its own pleading". *Id.* The opposing party must, instead, "go beyond the pleadings and by her own affidavits, or by 'depositions, answers to interrogatories, and admissions on file' designate specific facts showing there is a genuine issue for trial". *Celotex*, 477 U.S. at 324.

### B.  Plaintiff Failed To Exhaust His Administrative Remedies Prior To Filing Suit

The Plaintiff's Complaint is brought pursuant to 42 U.S.C. § 1983.  Pursuant to the Prison Litigation Reform Act, prison inmates bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all administrative remedies that may be available to them before proceeding with a lawsuit.  See 42 U.S.C. § 1997e(a).  The Seventh Circuit has taken a strict compliance approach to exhaustion requiring a prisoner to pursue all available administrative remedies and comply with the prison's procedural rules and deadlines.  *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).  If an inmate fails to follow the grievance procedure rules, his claims will not be considered to be exhausted, but instead forfeited, and he will be barred from filing suit in federal court.  *Pozo*, 286 F.3d at 1025.

The Prisoner Litigation Reform Act requires "proper exhaustion", that is, the inmate must file a timely grievance utilizing the procedures of the state's prison grievance process.  *See Woodford v. NGO*, 548 U.S. 81, 90; 126 S. Ct. 2378 (2006); *see also Conyers v. Abbotts*, 416 F.3d 580, 584 (7th Cir. 2005).  The applicable procedural rules that a prisoner must comply with for proper exhaustion are defined not by the Prisoner Litigation Reform Act, but by the prison grievance process itself.  *Jones v. Bock*, 549 U.S. 199, 212; 127 S. Ct. 910 (2007).

In order for an inmate within the Illinois Department of Corrections to fully exhaust his administrative remedies, he is required to file a grievance regarding the issues set forth in his Complaint at the institutional level, receive a response from the Chief Administrative Officer of the institution, and appeal any denial to the Administrative Review Board ("ARB").  20 Ill. Admin. Code, § 504.810, § 504.850.  The grievance must contain factual details regarding each aspect of the inmate's complaint, including what happened, when, where, and the name of each person who was the subject of or who was otherwise involved in the complaint.  20 Ill. Admin.

Code, § 504.810(b). If names of individuals are unknown to the offender, the inmate can still file the grievance but "must include as much descriptive information about the individual as possible". *Id*.

The Seventh Circuit has held that inmates are not specifically required to name every individual in the grievance, and that a mere "technical defect" does not limit the usefulness of the exhaustion requirement and is not grounds to dismiss a plaintiff's claim on summary judgment. *Maddix v. Love*, 655 F.3d 709, 722 (7th Cir. 2011). However, grievances are still intended and designed to "[allow prisons] to address complaints about the program it administers before being subjected to suit, [reduce] litigation to the extent complaints are satisfactorily resolved, and [improve] litigation that does not occur leading to the preparation of a useful record". *Jones v. Bock*, 549 U.S. 199, 219 (2007). In this case, the Plaintiff failed to exhaust his administrative remedies with regard to any allegations against Dr. Baker or his treatment of the Plaintiff's face, and as such, the Plaintiff's deficiencies go well beyond any mere "technical defect", and the Defendant is entitled to judgment as a matter of law.

As this Court is aware, the Plaintiff is alleging that Dr. Baker was deliberately indifferent to his medical needs following an alleged assault in November of 2011. [D/N 1]. On January 15, 2012, the Plaintiff filed an offender's grievance with his counselor alleging that he was receiving inappropriate treatment from the health care unit. (Exhibit A). This grievance was received by his counselor and a response was provided from the counselor based upon information he received from the health care unit. (Exhibit A). However, there is no evidence that this grievance was ever provided to the institutional grievance officer for review. (Exhibits A, B, C). There is no evidence that the Plaintiff's January 15, 2012, grievance was ever provided to the institutional chief administrative officer for review. (Exhibits A, B, C). Further, there is

no evidence that the Plaintiff's January 15, 2012, grievance was ever provided to the Administrative Review Board for review and final disposition. (Exhibits A, B, C). In fact, the Plaintiff's IGRV inmate history log only shows that the ARB has received two grievances from the Plaintiff, and none of those grievances address Dr. Baker or the medical care the Plaintiff received for facial injuries following an alleged November 2011 incident. (Exhibit B). Most importantly, none of the records contained within the ARB records at all address the care and treatment provided by Dr. Baker for facial injuries following an assault in November of 2011. (Exhibit C).

The exhaustion requirement is designed and intended to provide the institution the ability to address an inmate's grievance before resorting to judicial intervention. In this case, it is clear from the records provided by the ARB that the Plaintiff filed his lawsuit prior to exhausting his administrative remedies. While the Plaintiff filed a grievance with his counselor, there is no evidence his grievance was ever provided to the grievance officer or the chief administrative officer. (Exhibits A, B, C). The evidence is clear that the Administrative Review Board never received a grievance from the Plaintiff regarding Dr. Baker or his treatment of the Plaintiff at any time, let alone treatment following a November 2011 incident. (Exhibit C).

Allowing the Plaintiff to proceed with this case when he clearly filed his Complaint prior to exhausting any administrative remedies undermines the goal, intention, and mandates of the Prison Litigation Reform Act, and the exhaustion requirement. As such, according to the precedent of the Seventh Circuit, the Plaintiff is therefore foreclosed from litigating the current cause of action. *See Pozo*, 286 F.3d at 1024. While the Plaintiff filed a grievance dated January 15, 2012, regarding treatment for facial injuries, there is simply no evidence that the Plaintiff took any steps beyond submitting a grievance to a counselor, and there is absolute

evidence that is clear and indisputable that the Plaintiff never provided a copy of any grievance to the Administrative Review Board. As such, it is undisputed that the Plaintiff filed the current cause of action prior to exhausting any of his administrative remedies as against Dr. Baker, and therefore, Dr. Baker is entitled to judgment as a matter of law.

WHEREFORE, the Defendant, THOMAS BAKER, M.D., respectfully requests this Court grant his motion for summary judgment because the Plaintiff has failed to properly exhaust his administrative remedies prior to filing suit.

Respectfully Submitted,

THOMAS BAKER, Defendant

s/ Douglass R. Bitner
IL ARDC #: 6305492
Heyl, Royster, Voelker & Allen
3731 Wabash Avenue
P. O. Box 9678
Springfield, IL  62791-9678
Phone: 217.522.8822, Ext. 214
Fax:    217.523.3902
Email: dbitner@heylroyster.com

**PROOF OF SERVICE**

    I hereby certify that on January 9, 2014, I electronically filed the foregoing instrument, DEFENDANT'S COMBINED MOTION FOR SUMMARY JUDGMENT AS TO THE ISSUE OF EXHAUSTION AND SUPPORTING BRIEF, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Adam C. Lipetz - alipetz@atg.state.il.us

and I hereby certify that I have mailed on January 9, 2014, by United States Postal Service the foregoing instrument, DEFENDANT'S COMBINED MOTION FOR SUMMARY JUDGMENT AS TO THE ISSUE OF EXHAUSTION AND SUPPORTING BRIEF, to the following non-CM/ECF participants:

    John Saiger, #20130313060  
    Cook County Jail  
    P.O. Box 089002  
    Chicago, IL  60608

                                        s/ Douglass R. Bitner  
                                            Douglass R. Bitner

DRB/cs (02227-T7686)  
24109268_1

13-cv-3298
Page 11