UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOHN SAIGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 13-CV-3298 |
| | ) | |
| SANDRA FUNK and | ) | |
| DR. THOMAS BAKER, | ) | |
| | ) | |
| Defendants. | | |

**OPINION**

COLIN STIRLING BRUCE, U.S. District Judge:

Plaintiff was incarcerated in the Illinois Department of Corrections (IDOC) from October 1, 2010, to August 29, 2012. At some point after his release from the IDOC, Plaintiff was incarcerated in the Cook County Jail. He filed this case on August 26, 2013, from his incarceration in the Cook County Jail.

However, this case is not about the Cook County Jail. This case is about Plaintiff's medical treatment during Plaintiff's prior incarceration in the IDOC. Plaintiff alleges that, on or about November 21, 2011, while incarcerated in the Western Illinois Correctional Center, he was assaulted by another inmate. Defendant Dr. Baker allegedly failed to adequately treat Plaintiff's serious facial injuries. Defendant Funk allegedly put Plaintiff at a substantial risk of serious harm by arranging for Plaintiff's transfer to Western in the first place.

Defendants move for summary judgment, arguing that Plaintiff did not exhaust his administrative remedies before filing this lawsuit, as required by 42 U.S.C. Section 1997e(a).

42 U.S.C. Section 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

"[P]laintiff's status as a prisoner is to be determined as of the time he brought the suit." Dixon v. Page, 291 F.3d 485, 489 (7th Cir. 2002). A "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. Section 1997e(h).

Plaintiff argues that the exhaustion requirement does not apply to him because he filed this lawsuit after his release from the IDOC. The Court disagrees. Plaintiff met the literal definition of a prisoner when he filed this action: he was detained in a facility on criminal charges or parole violations. The plain language of 42 U.S.C. Section 1997e(a) required him to exhaust "such administrative remedies as are available" before filing this lawsuit. Former prisoners who file an action as free persons after their release are not subject to the exhaustion requirement, but Plaintiff waited until he was reincarcerated. Kerr v. Puckett, 138 F.3d 321 (7th Cir. 1988)(the plaintiff

avoided the exhaustion requirement by waiting until his release from prison to file lawsuit).

Though the Court was unable to find a case addressing the issue in the Seventh Circuit, courts in other circuits have reached the same conclusion. *See Berry v. Kerik*, 366 F.3d 85, 86 (2d Cir. 2004)(inmate who filed suit after reincarceration was subject to exhaustion requirement); *Halaka v. Park*, 2014 WL 2457395 (W.D. Pa. 2014)(plaintiff who discovered he had cancer after his release from prison but did not file lawsuit about lack of care until his reincarceration was subject to 1997e(a)); *Jewkes v. Shackleton*, 2012 WL 3028054 (D. Colo. 2012)(prisoner who filed lawsuit based on alleged sexual assault during prior incarceration was subject to exhaustion requirement); *Contino v. Hillsborough County Dept. of Corrections*, 2011 WL 4406320 (D.N.H. 2011)("The fact that Contino was released and reincarcerated a number of times does not impact the exhaustion requirement."); *McCullough v. Yates*, 2011 WL 773233 n. 3 (E.D. Cal. 2011)(exhaustion requirement applied to plaintiff who filed lawsuit arising from excessive force during prior incarceration); *Smedley v. Reid*, (S.D. Cal. 2011)(plaintiff who was released before he had completed exhaustion process was still subject to exhaustion requirement upon reincarceration); Duvall v. Dallas County, 2006 WL 3487024 (N.D. Tex. 2006)(exhaustion required for prisoner filing lawsuit regarding prior incarceration, but not dismissing case because evidence needed on whether the plaintiff was incarcerated when he filed lawsuit); Gibson v. Brooks, 335 F.Supp.2d 325 (D.Conn. 2004)(discussed below).

For example, in <u>Gibson v. Brooks</u>, 335 F.Supp.2d 325 (D.Conn. 2004), a prisoner filed a lawsuit from prison pursuing claims arising from an assault he had suffered during a prior incarceration. The District Court in *Gibson* held that the exhaustion requirement applied under the plain language of 1997e(a): The plaintiff was a prisoner when he filed his lawsuit, and his lawsuit concerned prison conditions. The Court in *Gibson* reasoned:

> Admittedly, section 1997e(a) creates a rather odd situation in which a person's ability to enforce his or her constitutional rights can be stripped upon incarceration, even where the rights to be enforced were infringed during that person's incarceration on an unrelated conviction. Gibson could have filed suit with respect to the September 16, 1999 incident in the 18–month period during which he was first on parole and later released. Had he filed within that time period, Gibson would not have been subject to the requirements of section 1997e(a). Upon his incarceration on October 3, 2001, however, Gibson became, once again, a "prisoner," subject to the PRLA's requirement that he exhaust any available administrative remedies prior to filing a lawsuit with respect to prison conditions. Gibson is a prisoner and was a prisoner on the date that he filed this suit, September 9, 2002. That his status as a prisoner bears directly on his ability to bring a lawsuit alleging a violation of constitutional rights is a result of congressional intention expressed in clear statutory language.

335 F.Supp.2d at 330.

The Court finds the reasoning of *Gibson* and the other cases cited above persuasive and a result dictated by the plain language of 1997e(a). Because Plaintiff was a prisoner when he filed this lawsuit, he was required to exhaust his available administrative remedies.

The question is whether Plaintiff did exhaust his available administrative remedies before filing this lawsuit. The answer is clearly no as to his claim

against Defendant Funk.  Plaintiff does not dispute that during his prior incarceration he never filed a grievance against Funk, though he had plenty of time to do so.

The answer is more difficult as to Defendant Dr. Baker.  Plaintiff did file a grievance on January 15, 2012, seeking medical care for his injuries, including further testing and a consult with an ear, nose and throat surgeon. (1/15/12 grievance attached to Complaint.)  The counselor's response states that an x-ray showed no broken bones, that no CT scan was planned at that time but that the plaintiff would be seen by a dentist, a different x-ray would be performed, and a follow-up doctor visit would be scheduled.  *Id.*  Plaintiff does not dispute that he did not pursue any further administrative remedies with regard to this grievance.  Plaintiff avers that he did not do so because he was orally told that no appeal would be allowed because the issue was moot.  Even if Plaintiff was told this, though, that would not excuse a failure to try.  *See Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002)(futility is not an exception to the exhaustion requirement).  The Court concludes that Plaintiff did not exhaust his available administrative remedies with regard to the January 2012 grievance.

However, Plaintiff avers that he filed another grievance on July 5, 2012, again seeking the care he needed after being notified in June that further treatment would be denied.  (Pl.'s Resp. p. 7.)  Plaintiff avers that he has no copy of this grievance because he was not provided a copy, but he does not dispute that he could have asked for a copy.  According to Plaintiff, he still had

not received an answer to his grievance by the time he was released on August 29, 2012. (Pl.'s Aff. paras. 4-5.)

The Court concludes that, at least on this record, on the day Plaintiff was released he had exhausted his administrative remedies as to the July 2012 grievance. The July 2012 grievance was timely filed, and Plaintiff asserts that the "IDOC does not provide a procedure for which discharged inmates can proceed with the grievance process after they have been discharged from custody." (Pl.'s Resp., d/e 26, p. 4.) Dr. Baker disputes this, contending that the IDOC allows inmates who have been discharged to file grievances directly with the Administrative Review Board, but Dr. Baker cites no evidence to support that assertion. On this record, no further administrative remedy was available to Plaintiff after he was released, and he took what steps were available to him in prison by filing the grievance shortly after he learned of the denial.

Dr. Baker disputes whether Plaintiff actually filed a grievance on July 2012, since Plaintiff cannot provide a copy. But Dr. Baker provides no affidavit from the Plaintiff's counselor or grievance officer addressing whether the grievance was received, or, if it was received, what happened to it. In short, Defendants do not deny with competent evidence that Plaintiff did not file the July 2012 grievance. Without that evidence, there is no factual dispute requiring a *Pavey* hearing. *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008)(disputed material facts regarding exhaustion are determined by district court in evidentiary hearing).

In short, at this point Dr. Baker has not sustained his burden of demonstrating that Plaintiff did not exhaust his available administrative remedies regarding the July 2012 grievance, or that an evidentiary hearing is necessary to resolve any factual issues.  Accordingly, the discovery stay will be lifted and the case will progress against Dr. Baker.

IT IS ORDERED:

1) Defendant Funk's motion for summary judgment is granted (28).  The clerk is directed to terminate Defendant Funk.

2) Dr. Baker's motion for summary judgment is denied (23).

3) Plaintiff's expert disclosures are due September 30, 2014.

4) Dr. Baker's expert disclosures are due October 31, 2014.

5) Discovery closes January 30, 2015.

6) Dispositive motions are due February 27, 2015.


ENTERED:  August 6, 2014

FOR THE COURT:


**s/Colin Stirling Bruce**
COLIN STIRLING BRUCE
U.S. DISTRICT JUDGE